IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| DEBRA WILLIAMS MOORE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| USCB CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

DEBRA WILLIAMS MOORE "Plaintiff" by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against USCB CORPORATION ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

- 1 -

## PARTIES

5. Plaintiff is a natural person residing in Nashville, Tennessee 37206.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 101 Harrison St. Archibald, Pennsylvania 18403.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could only have arisen from financial obligation for primarily personal, family or household purposes.

13. Beginning in or around October 2014, and continuing through at least November 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect this alleged consumer debt.

14. During this time, Plaintiff disputed the debt, requested verification, and demanded all calls to her cellular phone cease.

15. However, Defendant ignored Plaintiff's request, provided no information, and continued to call.

16. Finally, within five (5) days of initial communication, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request verification of the debt, as well as providing her with the amount of the debt and the name of the original creditor.

17. Defendant's actions as described herein were taken with the intent to harass and abusive Plaintiff in connection with the collection of a debt.

**COUNT I**
**DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

18. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

19. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. Defendant violated §§ 1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; and, when it continued calling Plaintiff's cellular telephone after being instructed to stop.

## COUNT II
**<u>DEFENDANT VIOLATED § 1692f OF THE FDCPA</u>**

21. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

22. Defendant violated § 1692f when it ignored Plaintiff's request for verification of the debt, and when it continued to attempt to collect on a debt that was in dispute.

## COUNT III
**<u>DEFENDANT VIOLATED § 1692g OF THE FDCPA</u>**

23. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising her of her rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, DEBRA WILLIAMS MOORE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DEBRA WILLIAMS MOORE, demands a jury trial in this case.

Respectfully submitted,

Dated: June 19, 2015      By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (215) 540-8817
Email: aginsburg@creditlaw.com